Filed 12/30/22  P. v. Whitehead CA3
Opinion following transfer from Supreme Court
<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093261 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F03645) |
| v. | |
| DAVID WHITEHEAD, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

This case returns to us on transfer with directions from our Supreme Court.

A jury found defendant David Whitehead guilty of first degree murder and attempted robbery in 2011.  The same jury found true an attempted robbery-murder special circumstance and a personal use of a firearm enhancement, and defendant was sentenced accordingly.

1

Defendant petitioned the trial court for resentencing under what is now Penal Code section 1172.6[1] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). The court denied defendant's petition, finding the record established defendant was ineligible for resentencing due to the special circumstance finding. On appeal, defendant argues the trial court erred in relying on the special circumstance finding to disqualify him from relief. We disagreed in our original opinion filed December 6, 2021, and affirmed the order.

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698. Having done so, we agree with the parties that the trial court's order denying the petition must be reversed and the matter remanded for further proceedings consistent with this opinion.

BACKGROUND

We take the basic facts of defendant's case from our opinion in the original appeal. (*People v. Medina* (2016) 245 Cal.App.4th 778, 786 (*Medina 1*).)[2] There, we summarized the incident resulting in these convictions as follows: "[Defendant Brandon] Morton believed he had been 'shorted' several grams of methamphetamine in a drug sale. Morton, with [defendant Anthony Arturo] Medina and [defendant David] Whitehead, met with the woman who had made the sale. She was accompanied by her boyfriend, [J.F.], and another man. Morton shot and killed [J.F.]. All three defendants were convicted of

---

[1] Undesignated statutory references are to the Penal Code.

Effective June 20, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

first degree murder with a robbery special circumstance and attempted robbery." (*Id.* at p. 781.)

Specifically as to defendant's participation in the crimes, the jury found him guilty of first degree murder and attempted robbery (§§ 187, subd. (a), 664/211) with the special circumstance of murder during the commission of robbery (§ 190.2, subd. (a)(17)) and a personal use of a firearm enhancement (§ 12022.53, subd. (b)). (*Medina 1, supra*, 245 Cal.App.4th at pp. 781, 787.) Following a direct appeal, in March 2016, we upheld these convictions on appeal, but modified the judgment to impose and stay defendant's sentence for attempted robbery pursuant to section 654. (*Medina 1*, at pp. 786, 793.)

On February 27, 2019, defendant filed a petition to vacate his first degree murder conviction under what is now section 1172.6, alleging he could not now be convicted of murder because of the amendments to sections 188 and 189. In his form petition, defendant declared that a complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine at trial, and that he was convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. He did not make the required claim that he could not now be convicted of first or second degree murder due to changes made to sections 188 and 189, nor did he claim he was not the actual killer. The district attorney filed a responsive pleading. The trial court appointed counsel and defendant, through counsel, filed a reply brief.

The trial court denied defendant relief in a written decision, without hearing, on the ground he had not made a prima facie showing of eligibility. The court reasoned that: "The jury did [] find that defendant Whitehead had committed attempted robbery, and could have found defendant Whitehead guilty of first degree murder based on a robbery-murder theory, and in any event did, in fact, determine that defendant Whitehead was a major participant in the attempted robbery who acted with reckless indifference to human life. As such, this court is not compelled by 1170.95(d)(2) to issue an order to show

3

cause and go directly to resentencing in this matter." The court concluded that defendant's remedy was to "first obtain postjudgment relief, such as in habeas corpus, from the special circumstances" and then file a petition for relief under (former) section 1170.95. The court alternatively reasoned that the evidence supported a finding that defendant acted with reckless indifference, as we had concluded in our opinion affirming defendant's convictions. (*Medina 1, supra*, 245 Cal.App.4th at pp. 788-792.)

Defendant timely appealed. As described above, we initially affirmed the order denying defendant's petition.

DISCUSSION

Defendant originally argued the trial court erred by denying his petition for resentencing without issuing an order to show cause and conducting an evidentiary hearing. He argued then, and now contends with the benefit of *Strong*, that the court erred in relying on the jury's special circumstance finding to establish he was a major participant who acted with reckless indifference to human life because our Supreme Court clarified the applicable analysis after his conviction, in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In supplemental briefing, the People now agree.

The Legislature enacted and the Governor signed Senate Bill No. 1437, effective January 1, 2019 (Stats. 2018, ch. 1015, § 4), determining that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) As relevant here, Senate Bill No. 1437 added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence on any

4

remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).)

Section 190.2, subdivision (d) provides that in order for subdivision (a)(17) to apply, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (§ 189, subd. (e).) Since the time of defendant's conviction, however, the Supreme Court has refined the liability analysis in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179.)

After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong, supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from making a prima facie case. Because this conclusion does not survive *Strong*, we will reverse the trial court's order and remand for further proceedings pursuant to section 1172.6 and *Strong*.

## DISPOSITION

The order denying defendant's section 1172.6 petition is reversed, and the cause is remanded with directions to conduct further proceedings consistent with current law.

                                                /s/
                                     Duarte, J.

We concur:

      /s/
Robie, Acting P. J.

      /s/
Mauro, J.